404 P.2d 674

**NEW HAMPSHIRE INSURANCE CO.,**
Plaintiff and Respondent,

v.

**BALLARD WADE, INC., M. R. Ballard, Jr., and Loral R. Peterson, Defendants and Appellants.**

No. 10245.

Supreme Court of Utah.

Aug. 16, 1965.

Clarence C. Neslen, Salt Lake City, for appellants.

Kipp & Charlier, D. Gary Christian, Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from a nonjury trial bottomed on two counts: negligence and contract. Reversed with costs to defendants.

A lessor had an insurance policy with plaintiff to cover fire damage. It also had a lease with defendant with ordinary clauses of indemnity by lessee to secure the former for loss by fire, etc., except by Act of God, etc., with a provision that lessee would return the premises at the end of the term in as good condition as when received, wear and tear, etc. excepted.

The negligence count was abandoned. A fire of no precisely determined origin occurred during the lease term.

The trial court concluded that under the lease terms the lessee was absolutely liable for any loss to lessor. We agree, except: (1) the lessee promised only to pay any loss to the lessor, who lost nothing after insuring himself, for a consideration, against any such loss,—and was paid; (2) the lease provided that the lessee could return the property at the end of the term in as good condition as when received,—which he had no opportunity to do since the lessor, who had assured lessee it need not worry, since the property was insured, and the lessor and the insurance company, without consulting the lessee defendant, took over and took it upon themselves to repair the damage themselves; (3) there is nothing in the lease that hints that the insurance company was a third party beneficiary, (4) the lessor was no party to this case, (5) the proffer of proof by counsel for defendant as to intent of the parties under a contract prepared by the lessor and thus construable most favorably against him, seemingly was well taken; (6) though the claim of the lessor, if it ever had one, was no better, if it suffered no loss, than could be that of its assignee; (7) that when the assignee here has accepted a consideration to cover a risk, it hardly lies in its mouth to claim indemnity from one who has made a written guaranty against loss, to which agreement the insurance company was neither a party nor expressly or impliedly a beneficiary, and lessee was

not shown to be negligent, and lastly (8) the plaintiff insurance company tendered no return or offset of premium.

It seems to us that an indemnitor, the plaintiff insurance company, does not have a very legitimate claim against another indemnitor under the above circumstances.

McDONOUGH, WADE and CALLISTER, JJ., concur.

CROCKETT, J., concurs in result.